**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ROBERT TYRONE TAYLOR,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:13-CV-105-Y** |
| | § | |
| **WILLIAM STEPHENS, Director,**[1] | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**
**AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. Nature of the Case

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B. Parties

Petitioner, Robert Tyrone Taylor, TDCJ #1703126, is a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice in Bryan, Texas.

---

[1]Effective June 1, 2013, William Stephens succeeded Rick Thaler as the Director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Pursuant to Rule 25 of the Federal Rules of Civil Procedure, Director Stephens is "automatically substituted as a party." Fed. R. Civ. P. 25(d)

Respondent William Stephens is the Director of the Correctional Institutions Division of the Texas Department of Criminal Justice.

C. FACTUAL AND PROCEDURAL HISTORY

The state appellate court set forth the factual and procedural history of the case as follows:

> A Hood County grand jury indicted appellant for theft of a computer valued at less than $1,500; the indictment alleged that appellant had been convicted of two other thefts and had also been convicted of two felony drug-related offenses. Appellant retained counsel.
>
> At trial, in front of the jury, appellant pled guilty, and he also pled true to the indictment's enhancement paragraphs. Through an opening statement and during testimony, appellant admitted that he had committed theft by trying to steal a computer from Wal-Mart, but he asked for a low punishment. The State presented evidence of appellant's extensive criminal history that had spanned the course of approximately twenty years. Appellant's fiancée, whom appellant had once assaulted, recognized that appellant had made bad decisions, but she asked for a low punishment, stating that appellant is a "good person" who would not likely break the law again. Appellant's cousin also testified on appellant's behalf. After the evidence concluded and the parties presented closing arguments, the jury formally convicted appellant and assessed his punishment at sixteen years' confinement. The trial court sentenced appellant accordingly, . . . .

(01SHR[2] at 56-57) (footnotes omitted)

Petitioner's court-appointed appellate counsel filed an *Anders* brief, and the appellate court, having found nothing in the record that might arguably support the appeal, granted counsel's motion to withdraw and affirmed the trial court's judgment on December 8, 2011. (01SHR at 59) Petitioner did not file a petition for discretionary review. (Pet. at 3) Petitioner filed two relevant state habeas applications. The first application was dismissed by the Texas Court of Criminal Appeals because his direct appeal was still pending. (01SHR at cover) The second application was denied without

[2] "01SHR" refers to the record of petitioner's state application No. WR-77,212-01.

written order by the Texas Court of Criminal Appeals. (02SHR[3] at cover) This federal petition followed.

## D. Issues

Petitioner raises six grounds for relief, wherein he claims (1) his 16-year sentence exceeds the range of punishment for the offense charged in the indictment in violation of due process and equal protection, (2) his 16-year sentence exceeds the maximum range of punishment applicable for the charged offense – a third degree felony, in violation of due process and double jeopardy, (3) a sentence, which is invalid and exceeds the maximum range of punishment for a third-degree felony as alleged in the indictment, obtained by a guilty plea is void in violation of due process, (4) his trial counsel was ineffective by advising him to plead guilty to a defective indictment and allowing him to receive a void sentence, (5) his appellate counsel was ineffective by failing to forward a copy of his trial court records to him after filing an *Anders* brief, and (6) he was denied his constitutional right to a complete and true copy of his trial court records so as to prepare a proper appellant brief. (Pet. at 6-14)

## E. Rule 5 Statement

Respondent asserts the petition is not time-barred by the one-year limitations period required by 28 U.S.C. § 2244(d) or successive as defined by § 2244(b), however he asserts grounds (1), (5) and (6), enumerated above, are unexhausted under § 2254(b) and (c) and procedurally barred. (Resp't Ans. at 4-8)

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169

[3]"02SHR" refers to the record of petitioner's state application No. WR-77,212-02.

F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, the highest state court for criminal matters is the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of a claim to the Texas Court of Criminal Appeals in either a petition for discretionary review or, as in this case, a state habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2012); *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

Petitioner raised three grounds in his state habeas application that sufficiently correspond to grounds (2), (3) and (4) in this federal petition. (02SHR at 8, 10-11) However, to the extent petitioner's claims in this federal petition exceed the scope of the claims presented in his state habeas application or are presented for the first time in this federal petition, the claims are unexhausted. Consequently, ground (1), which exceeds the scope of the claims presented in petitioner's state application, and grounds (5) and (6), raised for the first time in this federal petition, are unexhausted.

Under the Texas abuse-of-the-writ doctrine, however, petitioner cannot now return to state court for purposes of exhausting the claims. Tex. Code Crim. Proc. Ann. art. 11.07, § 4. The abuse-of-the-writ doctrine represents an adequate state procedural bar to federal habeas review. *Nobles v. Johnson,* 127 F.3d 409, 423 (5th Cir. 1997). Therefore, absent a showing of cause and prejudice or a miscarriage of justice, such showing not having been demonstrated, petitioner's grounds (1), (5)

and (6) are procedurally barred from this court's review. *Smith v. Johnson*, 216 F.3d 521, 523-24 (5th Cir. 2000). Accordingly, only grounds (2), (3) and (4) are discussed below.

## F. DISCUSSION

### *Legal Standard and for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

The statute further requires that federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct, unless the applicant rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). This presumption applies to all findings, express and implied. *See Valdez v. Cockrell*, 274 F.3d 941, 948 (5th Cir. 2001).

Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, as here, it is an adjudication on the merits, which is entitled to this presumption. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

*Petitioner's Claims*

Petitioner claims that the offense as charged in the indictment is a state jail felony enhanced to a third-degree felony, not a second-degree felony, and, thus, his sentence is void as a matter of due process and double jeopardy, that his guilty plea is invalid because of the void sentence, and that his trial counsel was ineffective by advising him to plead guilty and "allowing" him to receive a void sentence. The Texas Court of Criminal Appeals rejected these claims without written order. Accordingly, this court may presume the state's highest court found the offense and enhancement allegations were properly charged in the indictment and petitioner's sentence legally enhanced under state law.

The indictment alleged that petitioner, on or about November 10, 2009, in Hood County, Texas–

> did then and there unlawfully appropriate, by acquiring or otherwise exercising control over property, to wit: a computer of the value of less than $1500, with intent to deprive the owner . . . of the property.
>
> and it is further presented to the Court that prior to the commission of the offense described above, the defendant had twice been finally convicted on a grade of Theft, to wit: on the 7th day of February, 2008, in . . . Tarrant County, Texas, in cause number 1094972, and on the 9th day of June, 2005, in . . . Tarrant County, Texas, in cause number 0974335 – Count 2,

**ENHANCEMENT PARAGRAPH ONE**

and it is further presented in and to said Court that prior to the commission of the primary offense by the ROBERT TYRONE TAYLOR . . .on the 28th day of July, 2003, in . . . Tarrant County, Texas, in cause number 0794917D, the said ROBERT TYRONE TAYLOR . . . was convicted of a felony, to wit: Possession of a Controlled Substance of One Gram or More, But Less Than Four Grams, Namely: Methamphetamine, and the said conviction became final prior to the commission of the prior offense,

**HABITUAL COUNT ONE**

and it is further presented in and to said Court that prior to the commission of each of the offenses set out above in the enhancement count, the said ROBERT TYRONE TAYLOR . . . on the 19th day of November, 1993, in . . . Tarrant County, Texas, in cause number 0345934D, the said ROBERT TYRONE TAYLOR . . . was convicted of a felony, to wit: Delivery of a Controlled Substance, Namely: Methamphetamine, and the said conviction became final prior to the commission of each of the offenses set out above in the enhancement count . . . .

(SHR at 31-32)

From the face of the indictment, the state charged petitioner for theft of less than $1500 with two prior theft convictions, elevating the offense from a Class A misdemeanor to a state jail felony. Tex. Penal Code Ann.§31.03(e)(4)(D) (West Supp. 2012). The state also alleged enhancement and habitual offender paragraphs, and gave petitioner written notice of its intent to use his felony convictions asserted therein, to elevate the applicable punishment range from that of a state jail felony to that of a second-degree felony under former § 12.42(a)(2), in effective at the time of petitioner's March 2011 trial.[4] Act of May 24, 1995, 74th Leg. R.S., ch. 318, § 1, 1995 Tex. Gen.

---

[4]Former Texas Penal Code § 12.42(a)(2) provided:

> If it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felonies, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished for a second-degree felony.

Laws 2734, 2734-35, *amended by* Act of May 25, 2011, 82nd Leg., R.S. ch 834, § 2, 2011 Tex. Gen. Laws 2104, 2104 (current version at Tex. Penal Code Ann. § 12.425(b) (West Supp. 2012)). The range of punishment for a second-degree felony is 2 to 20 years' confinement and a fine not to exceed $10,000. Tex. Penal Code Ann. § 12.33 (West 2011).

Clearly, petitioner's 16-year sentence is within the range provided by state law. Accordingly, his grounds, based on his faulty premise, necessarily fail.

## II. RECOMMENDATION

Based on the foregoing, it is recommended that the petitioner's petition for writ of habeas corpus be denied.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until October 21, 2013. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that

are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until October 21, 2013, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September 30, 2013.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE