IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ROBERT TYRONE TAYLOR, § | |
| § | |
| § | |
| VS. § | CIVIL ACTION NO.4:13-CV-105-Y |
| § | |
| WILLIAM STEPHENS, Director, § | |
| T.D.C.J., Correctional § | |
| Institutions Division, § | |
| Respondent. § | |

## ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS and ORDER DENYING CERTIFICATE OF APPEALABILITY

Before the Court is the petition for writ of habeas corpus under 28 U.S.C. § 2254 of petitioner Robert Tyrone Taylor, along with the September 30, 2013 findings, conclusions, and recommendation of the United States magistrate judge. The magistrate judge gave the parties until October 21, 2013, to file written objections to the findings, conclusions, and recommendation. As of the date of this order, no written objections have been filed.

The Court has reviewed the pleadings and the record in this case, and has reviewed for clear error the findings, conclusions and recommendation. The Court concludes that, for the reasons stated by the magistrate judge, the petition for writ of habeas corpus should be dismissed with prejudice, in part, and denied, in part.

Therefore, the findings, conclusions and recommendation of the magistrate judge are ADOPTED, as modified herein.

Petitioner Robert Tyrone Taylor's grounds for relief one, five, and six in his petition under § 2254--that (1) his sentence exceeds the maximum range of punishment for the offense charged in the indictment in violation of due process and equal protection, (5) his appellate counsel provided ineffective assistance because

he failed to forward to Taylor a copy of his trial-court record after counsel filed an *Anders* brief, and (6) he was denied his constitutional right to a complete copy of this trial-court records in order to prepare an appellant's brief, are DISMISSED WITH PREJUDICE as unexhausted and procedurally barred. Petitioner's remaining grounds two, three, and four, that (2) his sentence exceeds the maximum statutory range of punishment applicable for the charged offense--a third degree felony, in violation of due process and double jeopardy; (3) a sentence, which is invalid and exceeds the maximum range of punishment for a third-degree felony as alleged in the indictment, obtained by a guilty plea, is void in violation of due process; and (4) his trial counsel provided ineffective assistance of counsel by advising him to plead guilty to a defective indictment and allowing him to receive a void sentence are DENIED.

*Certificate of Appealability*

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.[1] Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."[2] The COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."[3] A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's

---

[1] *See* Fed. R. App. P. 22(b).

[2] Rules Governing Section 2254 Proceedings in the United States District Courts, Rule 11(a) (December 1, 2009).

[3] 28 U.S.C.A. § 2253(c)(2)(West 2006).

2

resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further."[4]

Upon review and consideration of the record in the above-referenced case as to whether petitioner Taylor has made a showing that reasonable jurists would question this Court's rulings, the Court determines he has not and that a certificate of appealability should not issue for the reasons stated in the September 30, 2013 Findings, Conclusions, and Recommendation of the United States Magistrate Judge.[5]

Therefore, a certificate of appealability should not issue.

SIGNED October 30, 2013.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[4] *Miller-El v. Cockrell,* 537 U.S. 322, 326 (2003)(*citing Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

[5] *See* Fed. R. App. P. 22(b); *see also* 28 U.S.C.A. § 2253(c)(2)(West 2006).

3